**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HISCOX INSURANCE COMPANY INC.,

        Plaintiff,

v.                           Case No.: 6:24-cv-910-WWB-RMN

LUMINOUS SALON LLC and
IDSAMARA VELAZQUEZ COLLAZO,

        Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant Idsamara Velazquez Collazo's Motion to Dismiss (Doc. 12) and Plaintiff's Response in Opposition (Doc. 14).[1]  For the reasons set forth below, Defendant's Motion will be granted in part.

## I.    BACKGROUND

On October 8, 2022, Defendant Idsamara Velazquez Collazo slipped and fell while receiving a pedicure at Defendant Luminous Salon LLC ("**Luminous**").  (Doc. 1, ¶ 12).  As a result of the accident, Collazo brought a one count complaint against Luminous for negligence in state court.  (*Id.* ¶ 13; Doc. 1-1 at 2–5).

At the time of Collazo's accident, Luminous had a Commercial General Liability Policy ("**CGL Policy**") issued by Plaintiff, Hiscox Insurance Company Inc., that provided coverage for damages as the result of bodily injury or property damage.  (Doc. 1, ¶¶ 21–

---

[1] Plaintiff's Response in Opposition fails to comply with this Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the Response, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

22).  Plaintiff also issued a Professional Liability Errors & Omissions Policy ("**PL Policy**")

to Luminous, which provided coverage for "Wrongful Acts in providing or failing to provide

Professional Services."  (*Id.* ¶¶ 29–30).  Plaintiff argues that various endorsements and

exclusions in the subject policies preclude coverage for the damages alleged by Collazo

in the underlying lawsuit and seeks declaratory judgment that it has no duty to defend or

indemnify under either policy.  (*Id.* ¶¶ 38–53).

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to

dismiss a complaint for "failure to state a claim upon which relief can be granted."  In

determining whether to dismiss under Rule 12(b)(6), a court accepts the factual

allegations in the complaint as true and construes them in a light most favorable to the

non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir.

2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.*

## III.   DISCUSSION

Collazo moves to dismiss Plaintiff's claims regarding its duty to defend for failure to state a claim and its claims regarding the duty to indemnify as unripe.   In response, Plaintiff argues that Collazo's arguments on the merits of the claims is premature and that it has sufficiently alleged a claim for declaratory relief at this stage of the proceedings. Alternatively, Plaintiff argues that coverage is clearly precluded by the policy exceptions alleged in the Complaint.

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."   28 U.S.C. § 2201(a).   To properly plead a claim for declaratory judgment, the moving party must allege that:

> (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration.

*Norring v. Private Escapes, LLC*, No. 6:09-cv-2081-Orl, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010).

With respect to the duty to defend claims, Collazo argues that the policy exceptions cited in the Complaint do not apply under the "eight-corners rule" or that, if the exceptions did apply, they would render the policy illusory.   Collazo does not argue that there is no dispute regarding coverage under the policies, that Plaintiff's duty to defend claims are not justiciable, or that there is no present need for a declaration.   Instead, Collazo's

arguments attack the merits of Plaintiff's claims. Such arguments are premature at this stage of the proceedings. *See SFR Servs. LLC v. Arnesen Webb, PLLC*, No. 23-CV-81079, 2024 WL 308458, at *2 (S.D. Fla. Jan. 16, 2024) ("Rule 12(b)(6) has a limited focus when a party is seeking declaratory relief. The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all. (quotation omitted)), *report and recommendation adopted*, 2024 WL 307616 (S.D. Fla. Jan. 26, 2024); *Nielson Golden Crab Fishery v. Butterworth*, No. 10-61091-CIV, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011) ("A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor." (quotation omitted)). Having reviewed the Complaint, the Court is satisfied that Plaintiff has adequately alleged a claim for declaratory judgment regarding its duty to defend on the policies. Whether Plaintiff is entitled to a declaration in its favor is a matter to be decided at a later stage in the proceedings. *See Md. Cas. Co. v. Smartcorp., Inc.*, No. 4:11-cv-10100, 2012 WL 2675476, at *2–3 (S.D. Fla. July 6, 2012).

With respect to the indemnity claims, Collazo argues that Plaintiff's claims are unripe because the underlying litigation remains pending. Generally, "an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *see also Emps. Ins. Co. of Wausau v. Pool*, 625 F. Supp. 3d 1250, 1253–54 (S.D. Fla. 2022). "However, there is an exception to the general rule: a court may assess an insurer's duty to indemnify before the underlying case is

resolved if there are no circumstances where the allegations in the underlying complaint could trigger the duty." *Associated Indus. Ins. Co. v. Slattery, Sobel & Decamp, LLP*, No. 6:22-cv-80, 2022 WL 17370510, at *5 (M.D. Fla. Sept. 14, 2022), *report and recommendation adopted*, 2022 WL 17817389 (M.D. Fla. Dec. 16, 2022). "This exception is largely limited to cases where two elements are present: (1) the court finds that the insurer has no duty to defend under the policy, and (2) under applicable state law, the duty to indemnify cannot exist absent a duty to defend." *Id.* Nevertheless, even under the exception, the duty to indemnify claim only becomes ripe upon a determination that the insurer has no duty to defend. Here, no such determination has been made and there is no dispute that the underlying litigation remains ongoing. Furthermore, the conditions precedent to the claims becoming ripe may never occur or may not occur as anticipated. Accordingly, the Court agrees that Plaintiff's duty to indemnify claims are not ripe and should be dismissed. *See S.-Owners Ins. Co. v. P & T Lawn & Tractor Serv., Inc.*, No. 2:22-cv-439, 2023 WL 11889562, at *2 (M.D. Fla. May 4, 2023); *see also Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl, 2014 WL 7734262, at *5 (M.D. Fla. Jan. 30, 2014).

## IV.    CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Defendant Idsamara Velazquez Collazo's Motion to Dismiss (Doc. 12) is **GRANTED in part** and Plaintiff's duty to indemnify claims are **DISMISSED without prejudice**. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

_____

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record